JANET M. HEROLD, Regional Solicitor
**CHERYL L. ADAMS**, Senior Trial Attorney
email: Adams.Cheryl.L@dol.gov
California State Bar Number 208244
**BENJAMIN BOTTS**, Trial Attorney
California State Bar No. 274542
Email: Botts.Benjamin.R@dol.gov
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7759
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Seth D. Harris, Acting Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br> v. <br><br> OCAMPO GACILAN HOME, INC., a California Corporation; COUNTRY ELEGANCE INC., a California Corporation; BILBY HOME INC., a California Corporation; and JAIME G. GACILAN, an individual, <br><br> Defendants. | Docket No.: <br><br> COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

1

1. Plaintiff, **SETH D. HARRIS**, Acting Secretary of Labor, United States Department of Labor, brings this action to enjoin defendants **OCAMPO GACILAN HOME, INC.**, as a California Corporation**; COUNTRY ELEGANCE INC.**, as a California Corporation; **BILBY HOME INC**. , as a California Corporation; and **JAIME G. GACILAN**, as an individual, from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219, hereinafter called the Act, pursuant to section 17 of the Act, 29 U.S.C. § 217; and to recover unpaid minimum wage and overtime compensation owing to defendants' employees, together with an equal amount as liquidated damages, pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c).

2. Jurisdiction of this action is conferred upon the Court by sections 16(c) and 17 of the Act, 29 U.S.C. §§ 216(c) and 217, and 28 U.S.C. §§ 1331 and 1345.

3. Venue lies in the United States District Court, Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in Sacramento and Elk Grove, Sacramento County, California.

4. (a) Defendant, **OCAMPO GACILAN HOME, INC.**, is and at all times hereinafter mentioned was a corporation with an office and a place of business at 2780 33rd Avenue, Sacramento, California 95824, within the jurisdiction of this Court, and is and at all times hereinafter mentioned was engaged in the operation of a residential care facility.

(b) Defendant, **COUNTRY ELEGANCE INC**. is and at all times hereinafter mentioned was a corporation with an office and a place of business at 9489 Bradshaw Road, Elk Grove, California 95624, within the jurisdiction of this

1  Court, and is and at all times hereinafter mentioned was engaged in the operation
2  of a residential care facility.

3        (c)      Defendant, **BILBY HOME INC.** is and at all times hereinafter
4  mentioned was a corporation with an office and a place of business at 5411
5  Mariolyn Way, Elk Grove, California 95757, within the jurisdiction of this Court,
6  and is and at all times hereinafter mentioned was engaged in the operation of a
7  residential care facility.

8        (d)      Defendant, **JAIME G. GACILAN**, an individual, at all times
9  hereinafter mentioned acted directly or indirectly in the interest of defendant
10 corporations, in relation to their employees.

11    5.     The corporate Defendants are and at all times hereinafter mentioned
12 were engaged in related activities performed through unified operation or common
13 control for a common business purpose, and are and at all times hereinafter
14 mentioned were an enterprise within the meaning of section 3(r) of the Act, 29
15 U.S.C. § 203(r).

16    6.     The enterprise identified in paragraph 5 above is and at all times
17 hereinafter mentioned was an enterprise engaged in commerce or in the production
18 of goods for commerce within the meaning of sections 3(s)(1)(A) of the Act, 29
19 U.S.C. § 203(s)(1)(A), in that said enterprise at all times hereinafter mentioned had
20 employees engaged in commerce or in the production of goods for commerce, or
21 employees handling, selling, or otherwise working on goods or materials that have
22 been moved in or produced for commerce by any person and in that said enterprise
23 has and has had an annual gross volume of sales made or business done of not less
24 than $500,000.

25

3

1    7. Defendants have willfully and repeatedly violated, and continue to
2 violate, the provisions of sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and
3 215(a)(2), by paying many of their employees wages at rates less than the
4 applicable federal minimum wage in workweeks when said employees were
5 engaged in commerce and in the production of goods for commerce or were
6 employed in an enterprise engaged in commerce or in the production of goods for
7 commerce, within the meaning of the Act.

8    8. Defendants have willfully and repeatedly violated, and continue to
9 violate the provisions of sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and
10 215(a)(2), by failing to compensate many of their employees for their employment
11 in excess of forty hours per week at rates not less than one and one-half times the
12 regular rate at which they were employed in workweeks when said employees
13 were engaged in commerce and in the production of goods for commerce or were
14 employed in an enterprise engaged in commerce or in the production of goods for
15 commerce, within the meaning of the Act.

16    9. Defendants, employers subject to the provisions of the Act, repeatedly
17 have violated, and continue to violate the provisions of sections 11(c) and 15(a)(5)
18 of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that they failed to make, keep,
19 and preserve adequate and accurate records of all employees and the wages, hours
20 and other conditions and practices of employment maintained by them as
21 prescribed by regulations duly issued pursuant to authority granted in the Act and
22 found in 29 C.F.R. § 516, in that the defendants did not maintain and preserve
23 records for at least one employee and/or such records fail to show adequately and
24 accurately, among other things, the hours worked each workday and the total hours
25 worked each workweek.

10. During the relevant statutory period and thereafter, Defendants have willfully and repeatedly violated, and continue to violate, the aforesaid provisions of the Act. A judgment which enjoins and restrains such violations and includes the restraint of any withholding of payment of unpaid minimum wage and overtime compensation found by the court to be due to present and former employees under the Act is expressly authorized by section 17 of the Act, 29 U.S.C. § 217.

**WHEREFORE**, cause having been shown, plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of section 15 of the Act, 29 U.S.C. § 215; and

(b) For an Order

(1) pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding defendants liable for minimum wage compensation due defendants' employees and for liquidated damages equal in amount to the unpaid minimum wage compensation found due defendants' employees, including those listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint);

(2) pursuant to section 16(c) of the Act, 29 U.S.C. § 216(c), finding defendants liable for overtime compensation due defendants' employees and for liquidated damages equal in amount to the unpaid overtime compensation found

due defendants' employees, including those listed in the attached Exhibit A (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint);

    (2) In the event liquidated damages are not awarded, pursuant to section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due defendants' employees, and pre-judgment interest at an appropriate interest rate; and

  (c) For an Order awarding plaintiff the costs of this action; and

  (d) For an Order granting such other and further relief as may be necessary or appropriate.

Dated: June 28, 2013

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

By: /s/ Cheryl L. Adams
CHERYL L. ADAMS
Senior Trial Attorney

BENJAMIN R. BOTTS
Trial Attorney

UNITED STATES
DEPARTMENT OF LABOR
Attorneys for the Plaintiff

# **EXHIBIT A**

1. Lilia Barba
2. Emma Dapanas
3. Dolores Fennell
4. Dolores Lazo
5. Eva Padua
6. Erlinda Sembrano
7. Alice Valentine
8. Villamor Agrade
9. Florencio Ballesteros
10. Leonora Bragado
11. Sharon Gagarin
12. Leticia De La Cruz
13. Zoilo Edjan
14. Christine Sumayod
15. Christopher Carillo
16. Gio Del Carmen
17. Emily Lapuz
18. Lorena Arbus
19. John Mark Sumayod
20. Elisa Tavora
21. Kevin Villanueva