Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
**Shimoda Law Corp.**
9401 East Stockton Blvd., Suite 200
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
       jrodriguez@shimodalaw.com

Attorneys for Defendants
OCAMPO GACILAN HOME, INC., COUNTRY ELEGANCE, INC.,
BILBY HOME, INC., and JAIME G. GACILAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br><br>vs.<br><br>OCAMPO GACILAN HOME, INC., a California Corporation; COUNTRY ELEGANCE, INC., a California Corporation; BILBY HOME, INC., a California Corporation; and JAIME G. GACILAN, an individual,<br><br>Defendants. | Case No. 2:13-CV-01308-MCE-EFB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |

Defendants OCAMPO GACILAN HOME, INC., a California Corporation; COUNTRY ELEGANCE, INC., a California Corporation; BILBY HOME, INC., a California Corporation; and JAIME G. GACILAN, an individual (hereinafter collectively referred to as "Defendants"), hereby answers the Complaint filed against them by SETH D. HARRIS, Acting Secretary of Labor, United States Department of Labor, as follows:

Defendants generally deny each and every allegation in the Complaint except those expressly admitted below.

//

1.	Defendants admit that Plaintiff is bringing this case for alleged violations of the Fair Labor Standards Act.  Defendants deny each and every remaining allegation contained therein.

2.	The allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied.

3.	Defendants admit that its operations are within Sacramento County.  The remaining allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied.

4.	Defendants admit the allegations with respect to OCAMPO GACILAN HOME, INC., BILBY HOME, INC., and JAIME G. GACILAN.  Defendants deny each and every remaining allegation contained in this paragraph and its subparts.

5.	The allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied.

6.	The allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied.

7.	The allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied.  To the extent that any of these allegations can conceivably be construed as factual, Defendants deny each and every allegation contained therein.

8.	The allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied.  To the extent that any of these allegations can conceivably be construed as factual, Defendants deny each and every allegation contained therein.

9.	The allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied.  To the extent that any of these allegations can conceivably be construed as factual, Defendants deny each and every allegation contained therein.

//

10. The allegations contained in this paragraph are conclusions of law to which Defendants have no obligation to respond and are, therefore, deemed denied. To the extent that any of these allegations can conceivably be construed as factual, Defendants deny each and every allegation contained therein.

**PLAINTIFF'S PRAYER FOR RELIEF**

Paragraphs (a)-(d): Defendants deny that Plaintiff is entitled to any form of relief whatsoever and has no obligation to respond to any conclusions of law contained within these paragraphs.

**AFFIRMATIVE DEFENSES**

For further answer and separate affirmative defenses to Plaintiff's, Complaint Defendants allege the following:

**FIRST AFFIRMATIVE DEFENSE**
(Failure to State a Cause of Action)

Each and every claim is barred because it fails to state sufficient facts to constitute a cause of action against Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**
(Waiver and Estoppel)

Each of Plaintiff's claims is barred by waiver and/or estoppel occasioned by intentional and knowing acts.

**THIRD AFFIRMATIVE DEFENSE**
(Frivolous Claims)

Defendants allege that Plaintiff's claims are unreasonable, without foundation, and/or brought in bad faith, and/or are frivolous.

**FOURTH AFFIRMATIVE DEFENSE**
(Responsibility of Others)

Each of Plaintiff's claims is barred because damages sustained by Plaintiff, if any, are the legal responsibility of persons other than Defendants.

**FIFTH AFFIRMATIVE DEFENSE**
(Mitigation of Damages)

Based on information and belief, Plaintiff failed to take appropriate action to mitigate its alleged damages, if any exist, which Plaintiff claims to have sustained, and Plaintiff's, recovery should, therefore, be barred or diminished accordingly.

//

### SIXTH AFFIRMATIVE DEFENSE
(Unclean Hands)

Each of Plaintiff's claims is barred by the doctrine of unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

Plaintiff's Complaint and each cause of action contained therein is barred by the applicable statutes of limitation.

### EIGHTH AFFIRMATIVE DEFENSE
(Set Off)

In the event Plaintiff is entitled to any recovery herein, such recovery is reducible and must be reduced by any amounts recoverable by Defendants.

### NINTH AFFIRMATIVE DEFENSE
(Condition Precedent)

Defendants allege that any and all claims Plaintiff is bringing fails because it has failed to satisfy certain condition precedents to bringing and/or maintaining this action.

### TENTH AFFIRMATIVE DEFENSE
(Accord and Satisfaction)

Defendants allege that Plaintiff's claims are barred by an accord and satisfaction.

### ELEVENTH AFFIRMATIVE DEFENSE
(Apportionment)

Defendants allege that any and all damages alleged were proximately caused by the joint and several negligence of Plaintiff and/or other unnamed individuals and/or entities, or their agents, employees, or representatives. Therefore, liability for damages, if any must be apportioned among all of the responsible parties.

### TWELFTH AFFIRMATIVE DEFENSE
(Indemnification from Others)

Defendants allege that should Plaintiff recover damages from these Defendants, the answering Defendants are entitled to indemnification, either in whole or in part, from all persons, or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if there were any.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Satisfaction of Duties)

Defendants allege that prior to the commencement of this action, Defendants duly performed, satisfied, and discharged any and all duties and obligations they may have owed to Plaintiff arising out of any and all agreements, representations and/or contracts made by these Defendants to Plaintiff, or made by others on Defendants' behalf.

### FOURTEENTH AFFIRMATIVE DEFENSE
(Due Diligence)

Defendants allege that Plaintiff's injuries, losses, or damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence.

### FIFTEENTH AFFIRMATIVE DEFENSE
(Doctrine of Laches)

Defendants allege that any claims brought against them in Plaintiff's Complaint are barred by the Doctrine of Laches.

### SIXTEENTH AFFIRMATIVE DEFENSE
(Failure to Exhaust Administrative Remedies)

Defendants are informed and believe and thereon allege that the Complaint and each of its causes of action are barred by Plaintiff's failure to exhaust administrative remedies.

### SEVENTEENTH AFFIRMATIVE DEFENSE
(Equitable Defenses)

Defendants allege that principles of equity and equitable considerations bar the relief requested by Plaintiff against these answering Defendants.

### EIGHTEENTH AFFIRMATIVE DEFENSE
(Justified or Privileged Conduct)

Each of Plaintiff's claims is barred because any and all actions taken by Defendant with respect to Plaintiff were taken in good faith as the result of Defendant's exercise of sound business judgment and were based upon factors that were not arbitrary, capricious, unlawful or retaliatory.

### NINETEENTH AFFIRMATIVE DEFENSE
(Good Faith Dispute)

Defendants allege that, at all times, there was a good faith dispute whether any additional wages were owed, if any, such that there is no willful violation of any law or regulation cited in the Complaint.

Defendants presently have insufficient knowledge and information upon which to form a complete belief as to whether they may have additional, as yet unstated, defenses. Accordingly, Defendants reserve the right to assert additional affirmative defenses in the event discovery and/or further investigation reveal a factual and/or legal basis for such affirmative defenses.

//
//
//
//

WHEREFORE, Defendants pray as follows:

1. A jury trial;

2. That Plaintiff takes nothing by reason of its Complaint and that judgment is rendered in favor of Defendants;

3. That Defendants be awarded costs of suit incurred in the defense of this action as provided for by law;

4. That Defendants be awarded attorneys' fees incurred in the defense of this action as provided for by law; and

5. For such other and further relief as the Court deems just and proper.

Dated: October 11, 2013              **Shimoda Law Corp.**

By:      /s/ Galen T. Shimoda
        Galen T. Shimoda
        Justin P. Rodriguez
        Attorneys for Counter Defendants