JANET M. HEROLD, Regional Solicitor
CHERYL L. ADAMS, Senior Trial Attorney (Cal. State Bar No. 208244)
Email: Adams.Cheryl.L@dol.gov
BENJAMIN BOTTS, Trial Attorney (Cal. State Bar Number 274542)
Email: Botts.Benjamin.R@dol.gov
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7759
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor


Galen T. Shimoda (Cal. State Bar No. 226752)
Justin P. Rodriguez (Cal. State Bar No. 278275)
**Shimoda Law Corp.**
9401 East Stockton Blvd., Suite 200
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
Email: attorney@shimodalaw.com
       jrodriguez@shimodalaw.com

Attorneys for Defendants
OCAMPO GACILAN HOME, INC., COUNTRY ELEGANCE, INC.,
BILBY HOME, INC., and JAIME G. GACILAN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS E. PEREZ,[1] Secretary of Labor, United States Department of Labor,<br><br>            Plaintiff,<br><br>    vs.<br><br>OCAMPO GACILAN HOME, INC., a California Corporation; COUNTRY ELEGANCE, INC., a California Corporation; BILBY HOME, INC., a California Corporation; and JAIME G. GACILAN, an individual,<br><br>            Defendants. | **Case No.:** **13-cv-01308-MCE-EFB**<br><br>**JOINT STATUS REPORT** |

---

[1] Thomas E. Perez was sworn in as Secretary of Labor on July 23, 2013.  Pursuant to F.R.C.P. 25(d) the caption has been changed to reflect his appointment.

The parties met and conferred by phone on November 25, 2013 on the issues required by Rule 26(f) of the Federal Rules of Civil Procedure and the Order Requiring Joint Status Report. Having done so, Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor ("Secretary") and Defendants OCAMPO GACILAN HOME, INC., COUNTRY ELEGANCE, INC., BILBY HOME, INC., and JAIME G. GACILAN ("Defendants") (all collectively referred to as the "Parties"), now submit the following Joint Status Report.

**A.     Summary of the Claims.**

The Secretary filed a Complaint against Defendants alleging violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201-219, ("FLSA") seeking unpaid minimum wages, overtime wages, liquidated damages and appropriate injunctive relief.  Defendants dispute Plaintiff's allegation that it failed to pay any of its current or former employees correctly under the FLSA.

**B.     Status of Service upon All Defendants and Cross-Defendants.**

All Defendants have waived service.  At this time, there are no cross-defendants in this lawsuit.

**C.     Possible Joinder of Additional Parties.**

The Parties do not anticipate joining any additional parties at this time.

**D.     Contemplated Amendments to the Pleadings.**

The Secretary does not anticipate amending the Complaint at this time.  However, the Secretary may amend the Exhibit A to the Complaint if additional employees owed back wages are disclosed in discovery.

The Secretary has requested that Defendants voluntarily amend their answer to withdraw 16 of their 19 affirmative defenses, all of which the Secretary asserts are redundant, immaterial or impertinent.[2]  In the alternative, the Secretary respectfully requests that the Court strike these

---

[2] The Secretary has not asked Defendants to withdraw the following three affirmative defenses: first (failure to state a cause of action), seventh (statute of limitations) and nineteenth (good faith dispute).

defenses. The Court may on its own "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 26(f). "Redundant" includes allegations that are "wholly foreign to the issues involved in the action." *California Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F.Supp.2d 1028, 1033 (C.D. Cal. 2002) (citing *Gilbert v. Eli Lilly Co., Inc.*, 56 F.R.D. 116, 121, n. 4 (D.P.R. 1972)). "Immaterial" means matter that "'has no essential or important relationship to the claim for relief or the defenses being pleaded.'" *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1382, at 706–07 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994). Matter is "impertinent" where it "'consists of statements that do not pertain, and are not necessary, to the issues in question.'" *Id.* (quoting Wright and Miller at 711). Because these 16 affirmative defenses have no relationship to the Secretary's claims, the Court should strike them. Defendants oppose any attempt by the Secretary to have portions of Defendants' Answer stricken without the appropriate notice period and opportunity to be heard in opposition motions. Defendants may file a motion for judgment on the pleadings as to the Secretary's Complaint for lack of having adequate factual allegations under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662. (2009).

**E.     The Statutory Basis for Jurisdiction and Venue.**

The Court has jurisdiction under 28 U.S.C. §§ 1331 and 1345, and 29 U.S.C. §§ 216(c) and 217.   Defendants do not dispute jurisdiction.

Venue is proper under 28 U.S.C. § 1391(b) and Eastern District Local Rule 120(d) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within Sacramento County.   The Parties agree venue is proper.

**F.     Anticipated Discovery and the Scheduling of Discovery.**

*1. Changes in timing, form, or requirement for disclosures under Rule 26(a):*

The parties stipulate to extend the time for initial disclosures under Rule 26(a) thirty (30) days until January 8, 2014.  For any parties served or joined after the Rule 26(f) conference, initial disclosures will be made within thirty (30) days after being served or joined.

> *2. The subjects on which discovery may be needed; when discovery should be completed; whether discovery should be conducted in phases:*

Discovery may be needed regarding Defendants' payroll practices, current and/or former employees' payroll information (*e.g.* hourly rate of pay, amounts paid, etc.),[3] current and/or former employees' work schedules, current and/or former employees hours worked, current and/or former employees' vacation schedules, current and/or former employees' job duties, Defendants' payroll policies, Defendants' overtime policies, Defendants' minimum wage policies, and any other policies regarding Defendants' wage and hour practices.   The Secretary also expects to propound discovery regarding the liability of the individual defendant, the willfulness of the alleged FLSA violations, and the basis for Defendants' 19 affirmative defenses.  Other categories may arise in the course of litigation and the Parties expressly reserve their rights to inquire into additional relevant categories of information notwithstanding the fact that the categories may not be listed herein at this time.

The Parties do not believe that discovery should be completed in phases.  Defendants propose that Discovery be completed by April 1, 2015.  The Secretary proposes that discovery be completed by August 1, 2014.

> *3. Changes in the limitations on discovery imposed under the Civil Rules and/or other limitations that should be imposed:*

A. Defendants propose the following changes: Although Defendants would clearly be able to propound up to twenty-five (25) interrogatories to each individual identified in Exhibit A of Plaintiff's Complaint had those individuals filed this action on their own behalf in a multi-party lawsuit, the fact that Plaintiff is bringing the lawsuit on behalf of the individuals identified in Exhibit A makes it ambiguous whether Defendant may still propound a separate set of up to twenty-five (25) interrogatories per individual. *See* Fed. R. Civ. Proc. 33(a)(1) (allowing service of interrogatories on "any other party").  Allowing only twenty-five (25) interrogatories when there are twenty-one (21) individuals who are seeking unpaid wages would put Defendants at an unfair disadvantage in

---

[3] Defendants assert that the current and/or former employees referenced are only those listed in Exhibit A of Plaintiff's Complaint filed June 28, 2013.  The Secretary reserves his right to seek discovery regarding all of Defendants' employees.

presenting their defenses.  As such, Defendants propose that the limitations in the Federal Rules of Civil Procedure be altered/clarified in the current context and Defendant be allowed to propound twenty-five (25) interrogatories on each individual identified in Exhibit A of Plaintiff's Complaint.  *See* Adv. Comm. Notes to 1993 Amendments to FRCP 33(a) ("In many cases it will be appropriate for the court to permit a larger number of interrogatories in the scheduling order entered under Rule 16(b)").  At this time, Defendants are agreeable to all other limitations imposed by the Federal Rules of Civil Procedure and will meet and confer with opposing counsel in the future if any further modifications appear necessary during the course of litigation.

B.  The Secretary requests an additional 19 interrogatories above the 25 interrogatory limit in Fed. R. Civ. P. 30(a)(1) to probe the basis for each of Defendants' 19 affirmative defenses.  The Secretary will withdraw this request if Defendants agree to withdraw all of their affirmative defenses other than the first (failure to state a cause of action), seventh (statute of limitations) and nineteenth (good faith dispute).  The Secretary opposes Defendants' request to allow 25 separate interrogatories per employee named in Exhibit A to the Complaint.  Defendants' request, which would permit them to propound at least 525 interrogatories, has no basis in law and would impose a burden and expense on the Secretary that far outweighs the discovery's likely benefit.  The employees named in Exhibit A to the Complaint are not parties to this litigation and, as non-parties, are not subject to Fed. R. Civ. P. 33 ("Interrogatories to Parties").  Subject to the limitations in Fed. R. Civ. P. 30(a), Defendants may choose to subpoena and depose employees named in Exhibit A.

   4. *Timing of expert witness disclosures*:

Defendants propose that expert witness disclosures under Rule 26(a)(2) be completed by February 13, 2015, and that rebuttal expert witnesses be disclosed by March 2, 2015.  The Secretary proposes that expert witness disclosures under Rule 26(a)(2) be completed by June 16, 2014, and that rebuttal expert witnesses be disclosed by July 1, 2014.

   5. *Proposed discovery cut-off:*

Defendants propose that the discovery cut-off be April 1, 2015.  The Secretary proposes that the discovery cut-off be August 1, 2014.

//

**G.     Date by Which All Non-discovery Motions Shall Be Filed.**

Defendants propose that all non-discovery motions be filed no later than May 1, 2015. The Secretary proposes that all non-discovery motions be filed no later than September 15, 2014.

**H.     Proposed Dates for Final Pretrial Conference and Trial.**

Defendants propose October 5, 2015, through October 23, 2015, for trial and September 7, 2015, for the final pre-trial conference. The Secretary proposes November 15, 2014 for trial and November 3, 2014 for the final pre-trial conference.

**I.     Estimate of Days of Trial, and Whether Any Party Has Demanded A Jury.**

Defendants have requested a jury trial and the estimated trial time is approximately three (3) weeks. The Secretary estimates five court days for a bench trial or ten court days for a jury trial.

**J.     Appropriateness of Special Procedures Such As Reference to A Special Master or Agreement to Try the Matter Before a Magistrate Judge Pursuant to 28 U.S.C. 636(c).**

The Parties do not believe referral to a special master will be necessary and do not agree to try the matter before a Magistrate Judge.

**K.     Proposed Modification of Standard Pretrial Procedures Due To the Special Nature of the Case.**

At this time, the Parties do not believe that modification of standard pretrial procedures will be necessary.

**L.     Whether the Case Is Related To Any Other Case, Including Any Matter Involving Bankruptcy.**

The Parties are not aware of any related cases.

**M.     Prospects for Settlement, Including Whether A Settlement Conference Should Be Scheduled.**

The Parties are open to discussing settlement. The Parties are currently conferring as to whether a settlement conference or some other means of dispute resolution would be appropriate.

//

//

//

**N.    Any Other Matters That May Be Conducive to the Just and Expeditious Disposition of the Case, Including Whether Counsel Will Waive Any Disqualification and Stipulate to the Trial Judge Acting as a Settlement Judge.**

The Parties are not aware of any other matters that may be conducive to the just and expeditious disposition of this case.  The Parties do not stipulate to the trial judge acting as a settlement judge.

**O.    Corporate Disclosures**

Defendants do not have any parent corporations and there is no publicly held company that owns ten percent or more of any of Defendants' stock.

DATED:  December 2, 2013        **Shimoda Law Corp.**

By: /s/ Galen T. Shimoda
    Galen T. Shimoda
    Attorney for Defendants

DATED:  December 2, 2013        United States Department of Labor

By: /s/ Benjamin Botts
    Benjamin Botts
    (As authorized on December 2, 2013)
    Attorney for Plaintiff