JANET M. HEROLD, Regional Solicitor
CHERYL L. ADAMS, Senior Trial Attorney
California State Bar Number 208244
Email: Adams.Cheryl.L@dol.gov
BENJAMIN BOTTS, Trial Attorney
California State Bar No. 274542
Email: Botts.Benjamin.R@dol.gov
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7759
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez, Secretary
United States Department of Labor

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>Plaintiff,<br>v.<br><br>OCAMPO GACILAN HOME, INC., a California Corporation; COUNTRY ELEGANCE INC., a California Corporation; BILBY HOME INC., a California Corporation; and JAIME G. GACILAN, an individual,<br><br>Defendants. | Case No.: 13-cv-01308-MCE-EFB<br><br>**CONSENT JUDGMENT AND ORDER THEREON**<br><br>**Hon. Morrison C. England, Jr.** |

Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary"), and Defendants OCAMPO GACILAN HOME, INC., a California Corporation; COUNTRY ELEGANCE INC., a California Corporation; BILBY HOME INC., a California Corporation; and JAIME G. GACILAN, an individual, have agreed to resolve the matters in controversy in this civil action and consent to the entry of this Consent Judgment as follows:

A. The Secretary has filed a Complaint alleging that the Defendants violated Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended (the "FLSA"), 29 U.S.C. § 206, 207, 211(c), 215(a)(2) and (5).

B. Defendants have waived formal service and acknowledge receipt of a copy of the Secretary's Complaint.

C. The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

D. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the Eastern District of California.

E. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

F. Defendants acknowledge that Defendants and any individual or entity acting on their behalf or at their direction has notice of, and understands, the provisions of this Consent Judgment.

G. Defendants admit to violating Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), during the periods listed to the right of each employee's name on the attached Exhibit A (the "Subject Periods"), by paying employees wages at rates less than the applicable federal minimum wage in workweeks when said employees were engaged in commerce or in the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

H. Defendants admit to violating Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), during the Subject Periods, by employing employees who were engaged in commerce or the production of goods for commerce, or who were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, for workweeks longer than forty hours, and failing to pay such employees compensation for their employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which they were employed.

I. Defendants admit to violating Sections 11(c) and 15(a)(5) of the FLSA, 29

U.S.C. §§ 211(c) and 215(a)(5), during the Subject Periods, by failing to make, keep and preserve records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them as prescribed by the regulations found in 29 C.F.R. Part 516.

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, Defendants, their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), employ any of their employees at rates less than the applicable federal minimum wage in workweeks when said employees are engaged in commerce or in the production of goods for commerce or are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA.

2. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one-half times the regular rate at which he is employed.

3. Defendants shall not fail to make, keep and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required by Sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), and the implementing regulations found in 29 C.F.R. Part 516, and make such records available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their demand for such access.

4. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants,

any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the Defendants under the provisions of this judgment or the FLSA.

5. Defendants shall not, contrary to section 15(a)(3) of the Act, 29 U.S.C. § 215(a)(3), discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any employee because such employee has or is believed to have filed any complaint, including making a complaint to Defendants, or instituted or caused to be instituted any proceeding under the FLSA or has provided information to the Department of Labor in any such proceeding.

6. Defendants, jointly and severally, shall not continue to withhold payment of $31,207.68, which represents the unpaid minimum wage and overtime compensation hereby found to be due for the Subject Periods, to the employees named in the attached Exhibit A in the amounts set forth therein.

7. IT IS FURTHER ORDERED AND ADJUDGED that Defendants, jointly and severally, shall pay to the Secretary the aforementioned sum of $31,207.68 plus the additional sum of $13,462.31 as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c), for the Subject Periods to the employees named in the attached Exhibit A in the amounts set forth therein. JUDGMENT IS HEREBY ENTERED in the amount of $44,669.99 against the Defendants, jointly and severally, and in favor of the Plaintiff, Secretary of Labor.

8. The provisions of paragraphs 6 and 7 of this Consent Judgment will be deemed satisfied when Defendants comply with the following provisions:

   a. Within 15 days of the entry of this Consent Judgment, Defendants shall deliver to District Director Richard Newton, Jr., Wage and Hour Division, United States Department of

1    Labor, 2800 Cottage Way, Room W-1836, Sacramento, CA 95825-1886, a schedule containing
2    the last known home address, social security number, and telephone number (if known) for each
3    person named in the attached Exhibit A.
4        b.    Defendants shall make the back wage and liquidated damages payments due
5    under this Judgment, the total amount of which is $44,669.99, in six equal monthly installments
6    of $7,445.00. The first installment shall be due September 5, 2014, and subsequent installments
7    will be due on the 5th day of each month thereafter until paid in full.  Defendants shall make these
8    payments by delivering a cashier's check or money order in the required amount, with the name
9    of "Ocampo Gacilan Home, Inc." and "Back Wages and Liquidated Damages" written on it,
10   payable to the order of the "Wage & Hour Div., Labor," to Wage and Hour Division District
11   Director Richard Newton, Jr. at the address listed in Paragraph 7.a. of this Consent Judgment.
12       9.    The Secretary shall allocate and distribute the back wages to the persons named in
13   the attached Exhibit A, or to their estates if necessary, in his sole discretion, and any money not
14   so paid within a period of three years from the date of its receipt, because of an inability to locate
15   the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury
16   of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).  The Secretary
17   shall be responsible for deducting the employee's share of FICA and federal income taxes from
18   the back wage amounts paid to the persons named in the attached Exhibit A, and for remitting
19   said deductions to the appropriate federal agencies. Defendants are responsible for the employer
20   portion of employment taxes on the back wages hereby found due.
21       10.   IT IS FURTHER ORDERED that, within 15 days of entry of this judgment,
22   Defendants shall pay the Secretary $900.00 in Civil Money Penalties assessed against the
23   Defendants and finally determined pursuant to FLSA § 16(e), 29 U.S.C. § 16(e) and 29 C.F.R.
24   Part 579 for Defendants' violations of the minimum wage and overtime provisions of the FLSA.
25   Defendants acknowledge and hereby waive their right to a hearing before the U.S. Department of
26   Labor Office of Administrative Law Judges on these assessed Civil Money Penalties. Payment
27   shall be made by certified check payable to "U.S. Department of Labor," and shall be delivered
28   to District Director Richard Newton, Jr. at the address listed in paragraph 7.a. of this Consent

Judgment.

11. Upon payment in full of all back wages, liquidated damages, and civil money penalties herein, counsel for the Secretary shall file a Satisfaction of Judgment of the monetary obligations of this judgment with the Clerk of the Court. The injunctive orders entered herein will remain in full force and effect. The Satisfaction of Judgment shall be filed within 30 days of notification by Defendants' Counsel to Counsel for the Secretary that such monetary obligations have been fulfilled.

12. IT IS FURTHER ORDERED that within 30 calendar days of the entry of this Consent Judgment, Defendants shall amend and maintain their recordkeeping and payroll practices to comply with the FLSA. To accomplish the provisions of this paragraph:

   a. Defendants shall procure and install a time clock at each work location and ensure that each employee uses the time clock to accurately record in the employer's records the time the employee: (i) begins work each day by clocking/punching in as soon as the employee enters the worksite and/or employer's premises; (ii) begins any uninterrupted work-free meal period of 30 minutes or more by clocking/punching out at the beginning of the lunch period; (iii) ends any uninterrupted work-free meal period of 30 minutes or more, by clocking/punching in at the end of the uninterrupted work-free meal period; (iv) ends work each day by clocking/punching out just before the employee leaves the worksite and/or the employer's premises; (v) begins and ends any period, if any, when the employee is duty-free and thus not paid by clocking/punching out.

   b. For each work week, Defendants shall sum the time indicated on the time records recorded on the time clock by each employee to identify the time worked each day and each workweek. Each pay period Defendants shall prepare a statement of hours worked by each employee for each day, week and pay period ("Work Hours Summary"). The Work Hours Summary shall state the regular rate, any amount deducted that pay period for any reason, and shall be calculated in full compliance with 29 C.F.R. §§ 778.108-09. Defendants shall calculate the half-time premium for hours worked over forty in each work week by dividing the regular rate in half.

   c. Each pay period, Defendants shall direct each employee to review the employee's

Work Hours Summary and write in corrections if necessary. For a period of not less than one year following entry of this judgment Defendants shall include the following statement on each Work Hours Summary:

> Ocampo Gacilan Home, Country Elegance, Bilby Home and Jaime Gacilan must pay you for all hours you work for these employers. Your hours worked includes all the time that you not free from work duties. If you think these employers have not paid you for all hours you worked, you can call the U.S. Department of Labor to make a confidential complaint at 1-866-4US-WAGE.

Defendants shall maintain copies of all Work Hours Summaries for three years after issuance for inspection by the Department of Labor at any time upon request without prior notice.

  d. Defendants shall not reduce compensable hours worked for time spent sleeping (claim a "sleep time credit") for any employee who is required to be on duty for fewer than 24 consecutive hours. Defendants may claim a sleep time credit for an employee who is required to be on duty for 24 or more consecutive hours if:

   i. Defendants and the employee have a voluntary written agreement that is valid for the period in which the sleep time credit is claimed;

   ii. The written agreement provides for the exclusion of regularly scheduled sleeping periods of not more than 8 hours from hours worked;

   iii. Defendants has provided adequate sleeping facilities; and

   iv. The employee's sleep period is uninterrupted by work demands for at least five consecutive hours.

  e. Defendants shall not include the value of food eaten by employees as a part of employees' pay (claim a "meal credit") absent strict compliance with 29 C.F.R. Part 531. Defendants shall retain receipts for any food purchased for which a meal credit is claimed for a period of three years and shall make such receipts available for inspection by the U.S. Department of Labor upon request without prior notice. In addition, on January 1, March 1, June 1 and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated the amount of any meal credit claimed during the previous calendar quarter.

  f. Defendants shall not include the value of the provision of sleeping facilities to employees as part of employees' pay (claim a "lodging credit") absent strict compliance with 29 C.F.R. Part 516, including but not limited to 29 CFR § 516.27.  Defendants shall maintain all records described at 29 C.F.R. § 516.27, including itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost of lodging for which a lodging credit is claimed for a period of three years and shall make such documents available for inspection by the U.S. Department of Labor upon request without prior notice.  In addition, on January 1, March 1, June 1 and October 1 of each year, Defendants shall post at each of their facilities, in an area that is frequented by employees, a statement showing how Defendants calculated the amount of any lodging credit Defendants claimed during the previous calendar quarter. Defendants shall record all hours worked by employees in the payroll records.

  g. Defendants shall maintain all timecards and payroll records for a period of not less than three years.

  h. Defendants shall reflect all the amounts paid to employees, regardless of the manner of payment, on the payroll records.

  i. Defendants shall not alter or manipulate time or payroll records to reduce the number of hours actually worked by an employee.

  j. Defendants shall not request, require or otherwise cause employees to sign inaccurate time records.

  13. IT IS FURTHER ORDERED that Defendants take the additional actions listed in this paragraph to ensure future compliance with the FLSA:

  a. Within ten days of the entry of this Consent Judgment, Defendants shall post a copy of the attached Exhibit B "Notice of Employee Rights," in English, Spanish, and Tagalog languages, at each of their facilities in an area that is frequented by employees. Such Notice shall remain posted for a minimum of one year.

  b. Within 30 days of the entry of this judgment, on a date and time mutually agreed upon by the parties, Defendants shall permit a representative of the Secretary to visit each of Defendants' facilities and read aloud the following statement in English, Spanish, and Tagalog to

all employees at each of the facilities:

> In June of 2013, the U.S. Department of Labor sued Ocampo Gacilan Home, Country Elegance, Bilby Home and Jaime Gacilan. We sued these employers because they violated the Fair Labor Standards Act. The Fair Labor Standards Act is the law that requires employers to pay minimum wage and overtime to their employees. Mr. Gacilan and his care homes didn't pay their employees minimum wage for all of their hours worked. They also failed to pay overtime premiums.
>
> To settle this lawsuit, Jaime Gacilan and his three care homes have agreed to pay back wages and damages to employees who were not correctly paid. Mr. Gacilan and his care homes have also agreed to pay civil penalties to the U.S. government and have promised to comply with the Fair Labor Standards Act in the future.
>
> You are protected by the Fair Labor Standards Act. You have the right to speak freely with investigators or other officials from the Department of Labor. Your employer is prohibited from taking any action against you because you spoke with the Department of Labor. It is illegal for your employer to take any action against you for accepting any payment as part of a settlement with the Department of Labor. It is illegal for your employer to demand that you pay back in any way the money you receive under this settlement.
>
> If you think Mr. Gacilan or his care homes have not correctly paid you for all hours you worked, or if you believe they have taken action against you because you spoke with the Department of Labor or received a payment under the settlement agreement, you can call the U.S. Department of Labor to make a confidential complaint. The phone number is 1-866-4US-WAGE.

Defendant Jaime Gacilan shall be present during the reading of this statement at each facility, and employees' time during the reading shall be treated as hours worked.

    c.    Within five days of the six-month anniversary of the entry of this Consent Judgment, and within five days of the following five six-month anniversaries of the entry of this Consent Judgment, Defendant shall prepare a written self-audit of compliance with the FLSA and the regulations promulgated under the FLSA. The self-audits shall contain, at a minimum:

    i.    The name, address, and phone number of each of Defendants' employees and whether each employee is classified as exempt or non-exempt under the FLSA;

    ii.    The start and end time of each employee's work day for every work day during the period covered by the self-audit;

    iii.    The regular rate of pay for each employee;

    iv.    The gross weekly straight time and overtime wages owed to each employee for each pay period covered by the self-audit based on the employee's hours worked and regular rate

of pay; and

      v.    The gross weekly straight time and overtime wages actually paid to each employee for each pay period covered by the self-audit.  If any self-audit shows that the Employers have failed to pay any employee all straight time and overtime wages required under the FLSA, the Employers shall pay the wages due on the next regularly scheduled payroll.  Upon request, the Employers shall produce these self-audits to the U.S. Department of Labor within five business days.

      14.    The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section l6(b) of the FLSA, 29 U.S.C. § 216(b), as to any employee not named on the attached Exhibit A, nor as to any employee named on Exhibit A for any period not specified therein.

      15.    Each party shall bear all fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding to date.

      16.    This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

IT IS SO ORDERED.

Dated:  November 6, 2014

_____
MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated: August 25, 2014

_____/s/_____
GALEN SHIMODA
SHIMODA LAW CORP.

Attorneys for Defendants

Dated: August 25, 2014

_____/s/_____
JAIME G. GACILAN
Individually, and for Defendants
OCAMPO GACILAN HOME, INC;
COUNTRY ELEGANCE, INC.; and BILBY
HOME, INC.

Dated: August 29, 2014

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

CHERYL L. ADAMS
Senior Trial Attorney

By:_____/s/_____
BENJAMIN R. BOTTS
Trial Attorney

Attorneys for Plaintiff, U.S. Secretary of Labor

EXHIBIT A

| | First Name | Last Name | Back Wages | Liquidated Damages |
|---|---|---|---|---|
| Bilby | LORENO | ARBAS | $ 132.68 | $ 57.44 |
| Bilby | CHRISTOPHER | CARILLO | $ 3,927.97 | $ 1,694.24 |
| Bilby | GIO | DEL CARMEN | $ 148.65 | $ 64.11 |
| Bilby | EMILY | LAPUZ | $ 270.57 | $ 116.70 |
| Bilby | CHRISTINE | SUMAYOD | $ 20.68 | $ 8.91 |
| Bilby | JOHN MARK | SUMAYOD | $ 170.00 | $ 73.32 |
| Bilby | ELISA | TAVORA | $ 145.54 | $ 62.85 |
| Bilby | KEVIN | VILLANUEVA | $ 133.10 | $ 57.40 |
| Country Elegance | VILLAMOR | AGRADE | $ 91.81 | $ 39.64 |
| Country Elegance | FLORENCIO | BALLESTEROS | $ 103.30 | $ 44.55 |
| Country Elegance | LEONORA | BRAGADO | $ 182.50 | $ 78.71 |
| Country Elegance | LETICIA | DE LA CRUZ | $ 24.57 | $ 10.59 |
| Country Elegance | ZOILO | EDJAN | $ 285.30 | $ 123.05 |
| Country Elegance | SHARON | GAGARIN | $ 29.78 | $ 12.84 |
| Country Elegance | CHRISTINE | SUMAYOD | $ 562.36 | $ 242.62 |
| Ocampo | LILLIA | BARBA | $ 20,581.23 | $ 8,878.48 |
| Ocampo | EMMA | DAPANAS | $ 48.45 | $ 20.89 |
| Ocampo | DOLORES | FENNELL | $ 1,096.54 | $ 472.96 |
| Ocampo | DOLORES | LAZO | $ 1,150.32 | $ 496.16 |
| Ocampo | EVA | PADUA | $ 233.94 | $ 100.90 |
| Ocampo | ERLINDA | SEMBRANO | $ 629.94 | $ 271.70 |
| Ocampo | ALICE | VALENTINE | $ 1,238.45 | $ 534.25 |
| | | | $ 31,207.68 | $ 13,462.31 |

EXHIBIT B

# NOTICE OF EMPLOYEE RIGHTS

In June of 2013, the U.S. Department of Labor sued Ocampo Gacilan Home, Country Elegance, Bilby Home and Jaime Gacilan. The Labor Department sued these employers because they violated the Fair Labor Standards Act (FLSA), the federal law that requires employers to pay minimum wage and overtime to their employees. Mr. Gacilan and his care homes didn't pay their employees minimum wage for all of their hours worked. They also failed to pay overtime premiums.

To settle this lawsuit, Jaime Gacilan and his three care homes have agreed to pay back wages and damages to employees who were not correctly paid and to pay civil penalties to the U.S. government. They have also promised to comply with the FLSA in the future.

You have legal rights under the FLSA, including:

- The right to minimum wage and overtime premiums.

- The right to speak freely with Labor Department investigators.

- The right to be free of retaliation because you spoke to the Labor Department; complained to your employer that you weren't being paid correctly; or received a payment as part of this settlement.

- The right to be free of any demand from your employer that you pay back in way the money you receive under this settlement.

If you think Mr. Gacilan or his care homes have not correctly paid you for all hours you worked, or if you believe they have taken action against you because you spoke with the Department of Labor or received a payment under the settlement agreement, you can call the U.S. Department of Labor to make a confidential complaint. **The phone number is 1-866-4US-WAGE.**

[PROPOSED] CONSENT JUDGMENT & ORDER                CASE NO. 13-cv-01308-MCE-EFB

EXHIBIT B

# ANG MGA KARAPATAN NINYO BILANG EMPLEYADO

Noong Hunyo ng 2013, idinemanda ng Departamento ng Trabaho ng Amerika si Jaime Gacilan at mga negocio niya, Ocampo Gacilan Home, Country Elegance, at Bilby Home. Idinemanda ng Departamento sila dahil nilabag nila ang batas, ang Fair Labor Standards Act. Dapat nagbabayad ang amo sa kanilang empleyado ng tamang bayad at bayad sa lampas ng oras ayon sa Fair Labor Standards Act. Hindi nagbayad si Jaime Gacilan at mga negocio niya ng tamag bayad para sa lahat ng oras na nagtrabaho ang mga empleyado nila. Hindi din sila nagbayad sa tamang oras kung nagtrabaho kayo sa lampas ng oras.

Para matapos ang demanda, sumang-ayon si Jaime Gacilan at negocio niya na magbabayad sila ng sueldo na dapat bigyan sa mga empleyado na hindi natanggap ng tamang sueldo. Magbabayad din sila ng ibang pera na dapat bigyan sa inyo ayon sa batas. Magbabayad din sila ng multang sibil sa pamahalaan ng Amerika at dapat silang sumunod sa mga patakaran ayon sa Fair Labor Standards Act sa kinabukasan.

Meron po kayong mga karapatan ayon sa Fair Labor Standards Act:
- ➢ Ang karapatan para tumanggap ng tamang bayad at bayad sa lampas ng oras.
- ➢ Ang karaptan para magusap sa mga imbestigador ng Departamento ng Trabaho.
- ➢ Malaya po kayo sa paghihiganti galing sa inyong amo dahil nagusap po kayo sa Departamento ng Trabaho; dahil nagreklamo po kayo tungkol sa sueldo ninyo; o dahil tumanggap po kayo ng sueldo galing sa kasunduang ito sa pagitan ng Departamento at Jaime Gacilan.
- ➢ Bawal humingi si Jaime Gacilan sa inyo ng pera galing sa kasunduang ito sa pagitan ng Departamento at Jaime Gacilan.

Kung sa palagay ninyo na, para sa lahat ng inyong oras, hindi tama ang inyong sueldo galing kay Jaime Gacilan o negocio niya, o kung sa pananaw ninyo na gumawa si Jaime Gacilan ng mali sa inyo dahil nagusap po kayo sa Departamento ng Trabaho o dahil tumanggap po kayo ng pera galing sa kasunduang ito, puwede po kayong tumawag sa Departamento ng Trabaho ng Amerika para magreklamo. Sekreto ang inyong reklamo sa amin. **Tumawag po kayo sa 1-866-4US-WAGE.**

[PROPOSED] CONSENT JUDGMENT & ORDER         CASE NO. 13-cv-01308-MCE-EFB

EXHIBIT B

# AVISO DE DERECHOS DEL EMPLEADO

En junio del 2013, el Departamento de Trabajo de Estados Unidos demandó Ocampo Gacilan Home, Country Elegance, Bilby Home y Jaime Gacilan.  El Departamento de Trabajo demandó estos empleadores por violar la Ley de Normas Razonables de Trabajo (FLSA- siglas en ingles), la ley federal que requiere que los empleadores paguen el salario mínimo y pago de sobretiempo a sus empleados.  Sr. Gacilan y sus hogares de cuidado no pagaron a sus empleados el salario mínimo para todas las horas trabajadas. Tampoco lograron pagar primas por sobretiempo.

Para resolver esta demanda, Jaime Gacilan y sus tres hogares de cuidado han aceptado pagar los salarios atrasados y daños a los empleados que no se les pago correctamente y pagar multas civiles al gobierno de Estados Unidos. También han prometido cumplir con FLSA en el futuro.

Usted tiene derechos legales bajo FLSA, incluyendo:

- El derecho a salario mínimo y primas por sobretiempo.

- El derecho a hablar libremente con investigadores del Departamento de Trabajo.

- El derecho a estar libre de represalias porque usted habló con el Departamento de Trabajo; se quejó a su empleador que a usted no se le estaba pagando correctamente; o haber recibido un pago como parte de este acuerdo.

- El derecho a estar libre de cualquier exigencia por parte de su empleador a regresarle en cualquier manera el dinero que usted reciba bajo este acuerdo.

Si usted piensa que el Sr. Gacilan o sus hogares de cuidado no le han pagado correctamente por todas sus horas trabajadas, o si cree que se han tomado medidas en contra de usted porque habló con el Departamento de Trabajo o recibió un pago bajo el acuerdo de solución, puede llamar el Departamento de Trabajo de Estados Unidos para hacer una denuncia confidencial.  **El número telefónico es 1-866-4US-WAGE.**